**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV203-1-MU**

|                      |   |         |
|----------------------|---|---------|
| DAVID WYATT THOMAS,  ) |   |         |
|                      ) |   |         |
|     Plaintiff,       ) |   |         |
|     Vs.              ) |   | **ORDER** |
|                      ) |   |         |
| CRISTINA CONDIT,     ) |   |         |
|                      ) |   |         |
|     Defendant.       ) |   |         |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment, filed October 27, 2005.

### FACTUAL BACKGROUND

Plaintiff alleges in his Complaint that Defendant Cristina Condit, the prison chaplain at Mountain View Correctional Institution, "stoped and interfeared with David Thomas having (Passover a Jewish Holiday) On the 11th (eleventh) day of April, 2004." (Compl. Statement of Claim IV, I). Plaintiff also alleges that Defendant Condit "stoped him from attending a class called Disciple Bible. Because inmate Thomas is Jewish." (Compl. Statement of Claim IV, II). Lastly, Plaintiff alleges that Defendant Condit told him that she would "set things up for the Jewish Holiday" but "that night [s]he said [Plaintiff] could not have it." (Compl. Statement of Claim IV, III).

## LEGAL ANALYSIS

**I. RLUIPA**

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1] provides that a state shall not impose a substantial burden on the religious exercise of a person confined in one of its institutions, even if it results from a rule of general applicability, unless it is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA requires the inmate to bear the burden of persuasion concerning the substantial burden element. Id. § 2000cc-2(b). If the plaintiff can meet this requirement, then the burden shifts to the government to show that such a denial furthers a compelling state interest in the least restrictive means. The Supreme Court has noted that Congress "anticipated that courts would apply [RLUIPA's] standard with "due deference to the experience and expertise of prison administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline . . . ." Cutter v. Wilkinson, 125 S. Ct. 2113, 2123 (2005)(quoting S. Rep. No. 103-111, p. 10 (1993)).

**A. Passover**

Plaintiff alleges that Defendant Condit interfered with his observance of Passover in 2004, when she determined that Plaintiff did not need to eat his April 11th evening meal at a special time.

Defendant, as a clinical chaplain received a memo from the Director of the Division of Prisons outlining occasions when a religious group required a special, or ritual, meal. The memo sent out in March 2004, detailed that Jewish inmates should be provided with

---

[1] The Supreme Court has ruled that the sections of the RLUIPA increasing the level of protection of prisoner's religious rights do not violate the Establishment Clause. See Cutter v. Wilkinson, 125 S. Ct. 2113 (2005).

Seder meals on the evenings of the April 5th and 6th. In addition, the memo detailed that Jewish inmates should be provided with festive meals on the evenings of April 12th and 13th. Defendant complied with the information contained in the memo.

Defendant has submitted an affidavit by a rabbi which sets forth that the memo from the Director concerning Passover contained an error. That is, the festive meals should have been provided on April 11th and 12th. (Herman Aff. ¶ 8). Plaintiff does not allege and there is no indication anywhere in the record that Defendant Condit intentionally interfered with Plaintiff's observance of Passover.

As an initial matter, this Court holds that Defendant Condit is entitled to qualified immunity on this claim. State officials performing discretionary functions are shielded from liability for monetary damages if they can prove their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Evaluation of a qualified immunity claim involves a three-step process: 1) do plaintiff's allegations establish a constitutional violation; 2) at the time of the alleged violation was the right clearly established; and 3) would a reasonable person in the official's position have known that his conduct would violate that right. See Collinson v. Gott, 895 F.2d 994, 998 (4th Cir. 1990).

In the instant case, this Court concludes that, at a minimum, a reasonable person in Defendant Condit's position would not have known that her conduct violated Plaintiff's religious rights. It is undisputed that Defendant Condit relied on a detailed memo setting forth her responsibilities for enabling inmates to observe Passover. There is no evidence anywhere in the record that Defendant Condit had any idea that the memo incorrectly set

forth the dates for the observance of the festive meals for Passover. There is no evidence to support a conclusion that a reasonable person in Defendant Condit's position would have known that the dates in the memo were incorrect. Consequently, this Court concludes that Defendant Condit is immune from money damages with regard to Plaintiff's Passover claim.

Moreover, this Court concludes that an isolated mistake does not amount to a violation of RLUIPA.

### B. Disciple Class

Plaintiff also alleges that Defendant Condit violated his religious rights by not allowing him to attend a Christian Disciple Class. Plaintiff does not explain and this Court cannot discern how the inability of a Jewish inmate to attend a Christian bible class substantially burdens that inmates religious rights. As such, Plaintiff has failed to state a claim under RLUIPA.

### C. Yom Kippur

Plaintiff also alleges in his Complaint that, after promising to do so, Defendant Condit failed to provide him with the appropriate meal after he had fasted all day. Defendant Condit admits in her affidavit that Plaintiff failed to receive his pack out meal without pork after fasting all day as part of his observance of Yom Kippur.[2] (Condit Aff. ¶ 30). Defendant Condit responds that she requested that such a meal be provided to Plaintiff but that she failed to follow up on her request. (Condit Aff., Ex. I). Defendant

---

[2] The Court notes that although Plaintiff appears to assert in his Complaint that he fasted in relation to Rosh Hashanah, Yom Kippur is the Jewish holiday that requires fasting.

4

Condit apologized to Plaintiff for her oversight. (Compl., Ex. Step One Grievance Response).

The Court notes that it does not appear that eating after fasting for Yom Kippur is a part of the religious requirement of Yom Kippur. Thus, Plaintiff fails to allege that Defendant Condit substantially burdened his religion. Moreover, the failure to provide an inmate a single meal does not state a constitutional claim.

## II. **FIRST AMENDMENT**

To the extent Plaintiff wished to raise his claims as violations of the First Amendment Free Exercise Clause his claims still fail. Because this Court has already determined that the Defendant's conduct did not violate the strict scrutiny standard of RLUIPA, her conduct necessarily did not violate the reasonableness standard applicable to Free Exercise claims.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED**.

Signed: June 13, 2006

Graham C. Mullen
United States District Judge